# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GULF RESTORATION NETWORK**                                   **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:12-CV-36-KS-MTP**

**CITY OF HATTIESBURG**                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** the Motions to Dismiss [8, 16] filed by Defendant City of Hattiesburg and Intervenor Mississippi Commission on Environmental Quality.

## I. BACKGROUND

This is a citizen's suit under the Clean Water Act ("CWA"). 33 U.S.C. § 1251, *et seq*. The CWA prohibits the "discharge of any pollutant" into navigable waters. 33 U.S.C. § 1251(a). To achieve this purpose, the act established the National Pollutant Discharge Elimination System ("NPDES"), which allows states to issue permits for discharging pollutants into navigable waters. 33 U.S.C. § 1342(b). Pursuant to this authority, Mississippi established the Intervenor agency, the Mississippi Commission on Environmental Quality ("MCEQ"), MISS. CODE ANN. § 49-17-13, which issues permits through the Mississippi Environmental Permit Board ("MEPB"). MISS. CODE ANN. § 49-17-29. MEPB issues permits and enforcement orders through the Mississippi Department of Environmental Quality ("MDEQ"). MISS. CODE ANN. §§ 49-17-29(3), 49-2-13(j).

The City of Hattiesburg owns and operates two wastewater treatment facilities – the North Lagoon and the South Lagoon. Wastewater from the North Lagoon is discharged into the Bouie River, while wastewater from the South Lagoon is discharged into the Leaf River. MDEQ issued permits to the City establishing specific limits on the amount of constituents that may be contained in the wastewater. The City has violated these limits on many occasions, prompting MDEQ to issue notices of violation. After negotiation with the City, MDEQ issued an Agreed Order on October 5, 2011, which imposed a monetary penalty on the City for all past permit violations and established a schedule to upgrade its wastewater treatment facilities.

On November 4, 2011, Plaintiff sent a notice of intent to sue to the City under the CWA. Plaintiff identified certain violations of the City's NPDES permits from March 2007 through August 2011 and asserted that the violations were ongoing. On February 13, 2012, MDEQ issued an Amended Agreed Order which modified the deadlines for the City to upgrade its wastewater treatment facilities and imposed monetary penalties for failure to meet the deadlines. On March 2, 2012, Plaintiff initiated this lawsuit. The City and MCEQ each filed a motion to dismiss.

## II. STANDARD OF REVIEW

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th

2

Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

### III. DISCUSSION

The City and MCEQ offered two arguments in favor of dismissal. Both implicate

3

the Court's jurisdiction. First, they argue that this case is moot because of the agreed orders issued by MDEQ. Second, they argue that Plaintiff does not have standing to sue because it can not demonstrate that its injury is likely to be redressed by a favorable ruling.

*A.     Mootness*

The City and MCEQ argue that this case is mooted by the Agreed Order and Amended Agreed Order issued by MDEQ, citing *Environmental Conservation Organization v. City of Dallas*, 529 F.3d 519 (5th Cir. 2008). In that case, the Fifth Circuit held that a citizen's suit under the CWA was mooted by a consent decree entered after the filing of the plaintiff's complaint. *Id.* at 529. The Court noted: "Mootness is the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Id.* at 524. If a case becomes moot, it no longer presents a live controversy, and the Court does not have constitutional authority to hear it. *Id.* at 525. "As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Id.* at 527. A case becomes moot "where there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation." *Id.*

In response, Plaintiff argues that MDEQ's orders can not moot this case because it commenced after the agreed orders were entered. Plaintiff is correct. The doctrine of mootness applies when events *subsequent to* the commencement of the citizen suit

4

eliminate the actual controversy. *La. Envtl. Action Network v. Baton Rouge*, 677 F.3d 737, 744-45 (5th Cir. 2012) (where consent decree was entered prior to the commencement of lawsuit, it did not moot the lawsuit). MDEQ issued the initial Agreed Order on October 5, 2011, and it issued the Amended Agreed Order on February 13, 2012. Plaintiff commenced this suit on March 2, 2012. Therefore, the agreed orders – entered prior to the filing of Plaintiff's Complaint – can not render the Complaint moot. *Id.*

The City and MCEQ argue that the *Baton Rouge* case is distinguishable because the lawsuit there was commenced eight years after the entry of the consent decree. *Id.* at 745. The *Baton Rouge* opinion leaves no room for such distinctions. The Fifth Circuit stated that "developments subsequent to the filing of a citizen suit may moot the citizen's case," and it held that the district court erred by holding that an event prior to the filing of the suit rendered it moot. *Id.*

The City and MDEQ also argue that *Baton Rouge* is distinguishable because it involved ongoing violations, whereas the present case involves past violations. However, Plaintiff alleged that the City continues to violate the Permits in certain respects. Furthermore, it is undisputed that the agreed orders allow the City to continue to violate the permits until it decides how to upgrade its facilities and then implements the upgrades.

Finally, the City and MCEQ argue that the reasoning behind the opinion in *Dallas* – that the government's enforcement action removes the need for private enforcement – is equally valid here, where the enforcement action took place prior to

5

the commencement of litigation. *See Dallas*, 529 F.3d at 531. According to the City and MCEQ, Plaintiff is attempting to seek "civil penalties that the [government] chose to forego." *Id.* (quoting *Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49, 108 S. Ct. 376, 98 L. Ed. 2d (1987)). This is a rational argument. But the doctrine of mootness pertains to occurrences after a plaintiff commences a lawsuit. *Baton Rouge*, 677 F.3d at 745. If a plaintiff had no interest in the suit when it began, the doctrine of standing is implicated, rather than mootness. *Dallas*, 529 F.3d at 524.

## B.     *Standing*

Accordingly, the City and MCEQ challenge Plaintiff's standing. "When standing is challenged on the basis of the pleadings, [the Court] must accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010). "To satisfy the standing requirement of Article III in a citizen suit under the CWA, a plaintiff must show (1) an actual or threatened injury, (2) fairly traceable to the defendant's action, and (3) likely redress if the plaintiff prevails in the lawsuit." *Lockett v. EPA*, 319 F.3d 678, 682 (5th Cir. 2003).

MCEQ's argument relates to the third element of standing: redressability. It argues that the CWA does not provide any remedy to which Plaintiff is entitled in this case. MCEQ asserts that any potential remedy that could be imposed under the CWA has already been imposed by the Agreed Orders, eliminating the need for a citizen suit. The Fifth Circuit has addressed this argument.

In *Texans United v. Crown Central Petroleum Corporation*, 207 F.3d 789, 790

(5th Cir. 2000), several environmental organizations brought a citizen suit under the Clean Air Act. The defendant argued that the plaintiffs' injuries were not redressable because a state agency had already obtained all necessary relief through an agreed order. *Id.* at 793. The Fifth Circuit noted that the lawsuit was based on the premise that the agreed order did not "go far enough to ensure that [the defendant would] not violate federal emissions standards in the future," and that the evidence presented by the plaintiffs supported that premise. *Id.* at 794. "[C]itizen suitors have standing to seek civil 'penalties for violations that are ongoing at the time of the complaint and that could continue into the future undeterred.'" *Id.* (quoting *Friends of the Earth v. Laidlaw Envtl. Servs., Inc.*, 525 U.S. 1176, 119 S. Ct. 1111, 143 L. Ed. 2d 107 (2000)). Therefore, the plaintiffs had standing to sue, regardless of the state agency's prior enforcement action. *Id.*

The Court concludes that the same reasoning applies here. The City and MCEQ argue that Plaintiff's alleged injuries are not redressable because MDEQ obtained relief through the agreed orders, and Plaintiff is not permitted to supplant MDEQ's enforcement action. However, Plaintiff's suit is premised upon the theory that MDEQ's actions are not sufficient to ensure that the City will cease violating the CWA. It is undisputed that the violations are ongoing, and that they will be for some time. Therefore, Plaintiff has standing to file a citizen suit, regardless of the agreed orders.

## IV. CONCLUSION

For the reasons stated above, the Court **denies** the Motions to Dismiss [8, 16] filed by Defendant, the City of Hattiesburg, and Intervenor, MCEQ. Counsel shall

contact the chambers of Magistrate Judge John M. Roper within seven days of the entry of this opinion for the purpose of scheduling a case management conference.

SO ORDERED AND ADJUDGED this 6th day of November, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE